# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. JAMES RICHARDSON REECE

### Appeal from the Criminal Court for Sumner County
### No. 208CR2010

---

### No. M2014-01000-CCA-R3-CD - Filed January 14, 2015

---

The Appellant, James Richardson Reece, appeals the judgment of acquittal of aggravated assault and the trial judge's findings of contempt of court. The appeal of the judgment of acquittal is hereby dismissed and the findings of contempt are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

James Richardson Reece, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Andrew C. Coulam, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was originally convicted of aggravated assault by a jury of his peers. On direct appeal, this Court reversed his conviction and remanded the case for a new trial. *State v. James Richardson Reece*, No. M2011-01556-CCA-R3-CD, 2013 WL 1089097 (Tenn. Crim. App., Mar. 14, 2013), *perm. to app. denied*, (Tenn., June 17, 2013). Following the new trial, the Appellant was acquitted of the sole charged offense of aggravated assault. However, during trial, the trial judge found the Appellant to be in contempt of court in his presence on two separate occasions and summarily ordered the Appellant to serve twenty days in jail. *See* Tenn. R. Crim. P. 42(a). The Appellant now appeals.

In response to the Appellant's brief, the State has filed a motion to dismiss. The State first contends that because the Appellant was acquitted following remand of the only charged offense in the indictment he is precluded from seeking an appeal as of right. The State is correct. The Rules of Appellate Procedure provide for an appeal as of right in a criminal prosecution only if there is a judgment of conviction. Tenn. R. App. P. 3(b). *See also* Tenn. R. Crimp. P. 37(b). Because the Appellant was not convicted, but was instead acquitted of the lone charged offense, there is no available appeal as of right. Any challenge to the original charging instrument or the Appellant's arrest is thus moot.

Secondly, the State contends that the Appellant's challenges to the two findings of contempt are also moot because the Appellant has already served the twenty days of confinement imposed by the judge. Although the Appellant is not entitled to appeal the judgment of acquittal of aggravated assault, the Appellant is entitled to an appeal as of right from the findings of contempt. *See* Tenn. R. App. 3(b). Said appeal is not necessarily rendered entirely moot though simply because the Appellant served the time imposed. Nevertheless, the trial judge's findings of contempt must otherwise be affirmed. It is an appealing party's responsibility to ensure that an adequate record of the trial court proceedings is prepared and filed on appeal. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). The record on appeal reflects that the trial judge found the Appellant to be in direct contempt of court and was summarily punished on two separate occasions just prior to jury selection on the morning of trial. However, the record does not include the transcript of those incidents leading to the trial judge's findings of contempt. Without the benefit of the transcript, this Court cannot review the actions of the trial judge in that respect. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Accordingly, the findings of contempt are hereby affirmed.

For the reasons stated above, the State's motion to dismiss is granted in part, and the findings of contempt are hereby affirmed in accordance with Rule 20.

_____
THOMAS T. WOODALL, PRESIDING JUDGE